# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-49** |
| **PATRICK HALE DEJEAN** | **SECTION: "S" (5)** |

## ORDER AND REASONS

Before the court is the Government's **Motion in Limine** (Rec. Doc. 65) seeking a ruling in advance of trial to exclude certain evidence and testimony. Defendant opposes the motion. The court held oral argument on the motion on October 3, 2018. Having considered the record, the memoranda and argument of counsel, and applicable law, the motion is **DENIED** as premature.

In its motion, the Government seeks an advance ruling excluding two types of evidence: (1) any evidence of Antoine Thomassie's alcoholism, on the grounds that it is irrelevant to any of the charges the Government seeks to prove; and (2) self-serving hearsay of exculpatory statements made by the defendant, on the grounds that it would call for hearsay. Defendant counters that facts surrounding Thomassie's alcoholism had a bearing on the defendant's state of mind and lack of criminal intent, and that the alleged "self-serving statements" would not be offered to establish the truth of the matter asserted within the statements, and thus are not hearsay.

It is inappropriate at this juncture to make the blanket ruling requested, without actual knowledge of the statements themselves, and the context in which and purpose for which the

evidence or statements in question may be sought to be introduced at trial. The court observes, however, that the touchstone of admissibility is relevance, and Thomassie's alcoholism may only be introduced if it is established that it is actually relevant to an issue for trial (and then only if the court determines that it its probative value is not outweighed by a danger of unfair prejudice or confusing the issues). Fed. R. Evid. 401, 403.

> With respect to the question of self-serving statements, the court notes that
>
> [t]he notion that parties' out-of-court statements could not be evidence in their favor because of the "self-serving" nature of the statements seems to have originated with the now universally discarded rule forbidding parties to testify. When this rule of disqualification for interest was abrogated by statute, any sweeping rule of inadmissibility regarding self-serving statements should have been regarded as abolished by implication.

2 MCCORMICK ON EVID. § 270 (7th ed. 2016).

The problem with "self-serving hearsay statements" is not that they are self-serving, but that they are hearsay. While hearsay that is against one's self interest is admissible because it is viewed as having a guarantee of trustworthiness, based on the assumption that people do not make self-inculpatory statements unless they are true, it does not necessarily follow that self-serving statements are never admissible *even when they are not hearsay*. See Fed. R. Evid. 804(b)(3)(A). In a sense, all statements and evidence introduced in a defendant's case are self-serving – they are being introduced to prove the defendant's innocence. Accordingly, even if a statement is self-serving, if it is not hearsay, and if it is relevant, not unduly prejudicial, and satisfies all other indicia of trustworthiness required by the Federal Rules of Evidence, it will not automatically be excluded.

Accordingly;

**IT IS HEREBY ORDERED** that the Government's **Motion in Limine** (Rec. Doc. 65) is **DENIED** as premature.

New Orleans, Louisiana, this __5th__ day of October, 2018.

_____
 **MARY ANN VIAL LEMMON
 UNITED STATES DISTRICT JUDGE**