UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-0049-S5 |
| | * | |
| | * | |
| VERSUS | * | JUDGE LEMMON |
| | * | |
| | * | |
| PATRICK HALE DEJEAN | * | MAGISTRATE JUDGE NORTH |

### RESPONSE TO POSITION MEMORANDUM ON PROPOSED RESTITUTION

The United States of America, through the undersigned Assistant United States Attorney, submits this response to the "Defendant's Position Memorandum on Proposed Restitution" (Doc. #174-1) filed by Defendant Patrick Hale Dejean. The purpose of this memorandum is to provide the Court with the operative statutory authority pertinent to Dejean's objection.

The Final Presentence Report (PSR) provided for three components of restitution: the unpaid balance to First Bank & Trust, the amount due to the Windward Group, and the variance in the garnishments in the thirteen (13) charged mail fraud counts. At the October 10, 2019, sentencing, this Court ordered restitution in the amount of $74,046.49 and a Judgment stating as much was entered (Doc. #167). Dejean filed a notice of appeal from that Judgment.

Despite the filing of the notice of appeal, Dejean now contends that the restitution ordered payable to the Windward Group is not recoverable. This is despite the fact that he did not object at sentencing to the Court's restitution determination.

He now argues that the Windward Group was not a part of a scheme and that the Windward Group only had a quotation signed by Dejean.  Dejean is arguing the merits of a victim's right to restitution order after a judgment awarding such restitution has already been entered and appealed.

The Government submits that Dejean's challenge to the restitution order is defective and not cognizable.  Title 18, United States Code, Section 3664(o) applies to the finality of restitution orders and their modification.  That statute states in pertinent part, "A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—. . . ."  The statute then lists the circumstances in which a restitution order can be altered.  None of those circumstances apart from an appeal—which Dejean has filed for—are applicable here.  Judge Feldman addressed the effect of Section 3664(o) as follows:

> Although the Court may alter the payment schedule of restitution due to changes in the defendant's economic situation, its discretion to alter the underlying restitution order is limited.  Section 3664(o) makes clear that the restitution order is final and may only be altered:  (1) to correct a clerical error; (2) to appeal the sentence improperly applied; or (3) in order to alter the restitution payment schedule. *See* 18 U.S.C. § 3664(o). **This list is exhaustive**. *See United States v. Puentes*, 803 F.3d 597, 607 (11th Cir. 2015) (noting that "every Circuit Court to consider this issue has indicated that a district court may only modify a mandatory restitution order through one of the means specified in Section 3664(o).") (collecting cases).  **Accordingly, courts do not have the authority to waive restitution debts or otherwise alter the amount owed by defendants.**

*United States v. Toney*, 2018 WL 4896342 (E.D. La.) (emphasis added).  Dejean has appealed the judgment entered in this matter and can assert error in the award of restitution to the Windward Group.  Doing so at this time does not fall under any of

the other circumstances set forth in Section 3664(o). Dejean is not seeking to correct a clerical error; rather, he is making a substantive argument that a restitution award is not recoverable at all. Nor is Dejean seeking to modify the restitution payment schedule.

For the reasons above, the United States of America respectfully requests that Patrick Dejean's objection to this Court's judgment awarding restitution to the Windward Group be overruled.

Respectfully submitted,

WILLIAM P. BARR
United States Attorney General

DAVID C. JOSEPH
United States Attorney
Western District of Louisiana

_s/John Luke Walker_____
JOHN LUKE WALKER, LA Bar: 18077
Special Attorney, Eastern District of Louisiana
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832

## **C E R T I F I C A T E**

I hereby certify that on December 3, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the court's electronic filing system.

_s/John Luke Walker_____
JOHN LUKE WALKER, LA Bar: 18077
Special Attorney, Eastern District of Louisiana