UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 17-49** |
| **PATRICK HALE DEJEAN** | **SECTION: "S"** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion for Judicial Recommendation for Home Confinement** (Rec. Doc. 210) is **DENIED**.

## BACKGROUND

Defendant was sentenced on October 10, 2019 to 36 months in prison. At defendant's request, the court's sentence included a recommendation that defendant be housed at the federal prison camp in Pensacola, Florida, and that he participate in an addiction treatment program. On October 18, 2019, defendant filed a notice of appeal from the jury verdict, the denial of his motion for new trial, and the sentence/judgment of conviction entered on October 10, 2019. The appeal remains pending.

Defendant, who is incarcerated at RCI Edgefield, now seeks a recommendation from the court to the BOP that he be transferred to direct home confinement due to his concerns regarding the COVID-19 pandemic. The Government opposes the motion.

## DISCUSSION

To the extent defendant seeks to have the court modify his sentence, the court does not have jurisdiction to do so. A district court's authority to amend a sentence is limited by 18 U.S.C.

§ 3582. Under that provision, a court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). Defendant has made no showing that any such provision is applicable here.

And, while, defendant has couched his effort to modify his sentence in terms of a requested "recommendation" to the BOP, he points to no procedural basis for such a motion, brought while his challenge to his sentence is pending on appeal.

The BOP, not the court, designates the place of defendant's imprisonment. See 18 U.S.C. § 3261(b). In doing so, the BOP weighs a number of statutory factors, which involve specialized determinations uniquely within the expertise of the BOP. Id. Accordingly, because the BOP has already made its designation decision in this case, even assuming a valid procedural basis for the instant motion exists, the court declines to recommend any alternate specific designation to the BOP.

In so ruling, the court recognizes that the CARES Act, enacted on March 27, 2020, provides that "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2). Pub. L. 116-136, § 12003(b)(2). Further, on April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP director now has authority to grant home confinement to a larger grouper of prisoners. See Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020,

https://www.justice.gov/file/1266661/download.

However, these provisions do not alter the fact that the authority to designate home confinement of a prisoner rests solely in the discretion of the BOP. If anything, the BOP's unique awareness of the COVID-19 situation in its facilities, and the practices put in place to address it, reinforces the conclusion that the BOP is uniquely qualified to make designation determinations, without interference from the court. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion for Judicial Recommendation for Home Confinement** (Rec. Doc. 210) is **DENIED**.

New Orleans, Louisiana, this   9th   day of July, 2020.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE